USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10/12/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRISTIAN SANCHEZ, *on behalf of himself and all others similarly situated*,

                      Plaintiffs,

          v.

LULL VENTURES, LLC,

                      Defendant.

21-CV-4044 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

       On October 7, 2021, the parties submitted a revised consent decree for the Court's approval. The Court declines to approve it or to retain jurisdiction to enforce the settlement agreement it incorporates, for two reasons.

       First, the request is untimely. When the parties announced their settlement in principle, the Court issued a "thirty-day order" on July 8, 2021, which closed the case and stated that "If the parties seek to have the Court retain jurisdiction to enforce a settlement agreement, the terms of the agreement must be placed on the public record and 'so ordered' by the Court *within the same thirty-day period*." Dkt. 8 (emphasis added). The parties did not submit a proposed consent decree until August 17, 2021, outside the thirty-day period. Dkt. 9. That proposed consent decree incorporated by reference a confidential settlement agreement. Accordingly, on August 19, 2021, the Court issued an order explaining that it would not retain jurisdiction to enforce a confidential settlement agreement. *See* Dkt. 10; *see also* Individual Rules 5(B) ("The Court will not retain jurisdiction to enforce confidential settlement agreements."). The Court gave the parties an additional two weeks (or until September 2, 2021) to submit a revised consent decree that made

public the terms of the settlement agreement. The parties then missed that second deadline by over a month.

Second, the settlement agreement is still partially confidential. The parties' publicly filed settlement agreement states that, "As consideration for a full and complete compromise of all Released Claims, Defendant agrees to pay, and Plaintiff agrees to accept the total sum as set forth in a confidential side letter." Dkt. 11-2 at 3.

Because the parties missed two deadlines to seek the Court's retention of jurisdiction, and because their agreement continues to include a confidential provision, the Court declines the parties' request to approve and retain jurisdiction over the proposed consent decree.

SO ORDERED.

Dated:   October 12, 2021
         New York, New York

Ronnie Abrams
United States District Judge